# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| DONNELL QUARTERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV410-231 |
| | ) | |
| TERRY QUATERMAN, ADMINISTRATOR, | ) ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Donnell Quarterman, a Florida inmate, has filed a 42 U.S.C. § 1983 complaint against "Terry W. Quarterman," an "administrator" (of what plaintiff does not say, much less whether defendant is a relative or a state actor). Doc. 1. Within the body of his complaint he also names as a co-defendant "Mark Quarterman Jr.," again with no descriptors, only that both live in Midway, Georgia. *Id.* at 3. In any event, plaintiff is barred from proceeding IFP under 28 U.S.C. § 1915(g)'s "three strikes" provision, so his complaint should be **DISMISSED** without prejudice.

Plaintiffs are generally required to pay $350 to institute a civil action in a federal district court. 28 U.S.C. § 1914. Indigent prisoners may avoid prepayment of the filing fee if they proceed IFP under 28 U.S.C. § 1915. In order to proceed IFP, however, serial filers must surmount § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A prisoner barred from proceeding IFP due to the "three strikes" provision in § 1915(g) must pay the complete $350 filing fee when he initiates suit. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks IFP status but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff is a frequent filer in federal court. He has clearly exceeded the "three strikes" permitted by § 1915(g). *See, e.g.,*

*Quarterman v. Churchwell*, 2009 WL 1515077 at * 3 (S.D. Fla. May 28, 2009) (rejecting, as imminent danger exception allegation, Quarterman's claim that "corrections officers are using GPS satellite to monitor his thoughts"). Accordingly, without a showing of "imminent danger of serious physical injury," his complaint is subject to dismissal.

In order to fit within the "imminent danger" exception, Quarterman must make "specific allegations of present imminent danger that may result in serious physical harm." *Skillern v. Jackson*, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citing *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004)). General and conclusory allegations not grounded in specific facts will not suffice. *Margiotti v. Nichols*, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006). Nor can "a prisoner . . . create the imminent danger so as to escape the three strikes provision of the PLRA.'" *Ball v. Allen*, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (citing *Muhammad v. McDonough*, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)).

Here, Quarterman does not make any attempt to satisfy the imminent harm exception. Nor does he bother to disclose (despite the

3

form complaint's requirement to do so) the above *Quarterman* decision, which follows an earlier § 1915(g) opinion. *Quarterman v. Loenzo*, 2006 WL 3498604 (N.D. Fla. Dec. 4, 2006); *see also Quarterman v. Burnham*, 2006 WL 1788528 at * 2 (N.D. Fla. June 27, 2006) (plaintiff had failed to satisfy § 1915(g) based on allegations that he was "being 'brain scanned illegally due to global satellite positioning and monitoring'. . . ."). Donnell Quarterman's complaint (doc. 1) therefore should be **DISMISSED** without prejudice. If he wishes to proceed with the claims raised in this suit, he must file a new complaint accompanied by the full $350.00 filing fee. Thus, his motion for leave to proceed *in forma pauperis* (doc. 2) is **DENIED**.

Quarterman is also forewarned that recreational litigation is not tolerated in this district. *See Smith v. Fla. Dep't of Corr.*, 369 F. App'x 36, 40 (11th Cir. 2010) (injunction prohibiting state prisoner from filing in forma pauperis petitions in civil cases litigated in federal court was not overbroad, where prisoner was not prohibited from actions in which he paid the appropriate fees, from criminal cases, or from litigating in state courts); *Harris v. St. Lawrence*, CV410-047, doc. 3 (S.D. Ga. May 12,

4

2010) (applying *Smith*).

**SO REPORTED AND RECOMMENDED** this  7th  day of October, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA